UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  EDCV-17-1264-MWF (FFMx)            Date:  September 1, 2017**
Title:      Jane Doe v. Medalist Holdings, L.L.C. et al.

Present:   <u>The Honorable MICHAEL W. FITZGERALD, U.S. District Judge</u>

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported


Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present


**Proceedings (In Chambers):**   ORDER RE PLAINTIFF'S MOTION TO
                                 REMAND [26]

Before the Court is Plaintiff's Motion to Remand, filed on July 10, 2017.
(Docket No. 26).  On August 8, 2017, Defendants Medalist Holdings, Inc.,
Leeward Holdings, LLC, Camarillo Holdings, LLC, Dartmoor Holdings, LLC, IC
Holdings, LLC, Backpage.com, LLC, New Times Media, LLC, UGC Tech Group
C.V., Atlantische Bedrijven C.V., Carl Ferrer, James Larkin, and Michael Lacey
(collectively, the "Backpage Defendants") filed an Opposition (Docket No. 32-1),
and on August 14, 2017, Plaintiff filed a Reply (Docket No. 36).  On August 28,
2017, the Court held a hearing on Plaintiff's Motion.

For the reasons set forth below, Plaintiff's Motion is **GRANTED**.  In short,
Plaintiff did not "fraudulently join" or "procedurally misjoin" non-diverse
Defendant Reson Tredon Richard, and the Court thus lacks diversity jurisdiction
over this action.

I.     <u>BACKGROUND</u>

On January 25, 2017, Plaintiff filed a Complaint against the Backpage
Defendants (minus Atlantische Bedrijven C.V.)  and John Doe defendants in the
Riverside County Superior Court.   (Complaint, Docket No. 1-1 at 2-28).  The crux
of Plaintiff's Complaint was that Plaintiff was "a minor girl who was sold for sex
on the website  www.backpage.com," and that the Backpage Defendants
"knowingly created an online marketplace for sex trafficking on

**Case No.  EDCV-17-1264-MWF (FFMx)         Date:  September 1, 2017**
**Title:       Jane Doe v. Medalist Holdings, L.L.C. et al.**

www.backpage.com, and then helped sex traffickers create and develop their sex ads so the Backpage.com defendants could profit from the ads." (*Id.* ¶ 1.1). Plaintiff asserted the following state law claims against the Backpage Defendants: negligence; intentional infliction of emotional distress; assault and battery; unjust enrichment; invasion of privacy; and civil conspiracy. (*Id.* ¶¶ 5.1 – 5.32).

On February 10, 2017, Plaintiff filed a First Amended Complaint ("FAC") in the Superior Court. (FAC, Docket No. 1-1 at 98-127). Among other changes, Plaintiff added Atlantische Bedrijven C.V. as a defendant. (FAC ¶ 2.13). Plaintiff alleged that each of the Backpage Defendants (now including Atlantische Bedrijven C.V.) "owned, operated, designed and controlled the [www.backpage.com] website, including its content," and "profited from the website …, including sex ads posted of [Plaintiff] and other women and children, even though [they] knew those profits were derived from illegal conduct." (*Id.* ¶¶ 2.5 – 2.16). Plaintiff also added Richard as a defendant, alleging that he knew that Plaintiff was a minor yet "engaged in communications with [Plaintiff] for immoral purposes, took illicit photographs of [Plaintiff], posted illicit photographs of [Plaintiff] on www.backpage.com, and actively solicited adults to have sex with Plaintiff … by posting sex ads for [Plaintiff] on www.backpage.com." (*Id.* ¶ 2.21). Plaintiff alleged that Richard paid the Backpage Defendants "a fee in order to advertise [Plaintiff] for sex on www.backpage.com," in exchange for which the Backpage Defendants " 'moderated' each ad of [Plaintiff] to make it less obvious that the ads were for sex" and "then posted a sanitized version of each add on www.backpage.com." (*Id.* ¶¶ 4.6, 4.7).

Plaintiff and Richard are California residents. (Declaration of Devin M. Storey (Docket No. 26-2) ¶ 10; AC ¶ 2.21). The Backpage Defendants are variously domiciled in Delaware, Arizona, Texas, the Netherlands, and Curacao. (AC ¶¶ 2.5-2.16; Notice of Removal ("NoR") (Docket No. 1) ¶¶ 9, 26-62). The Backpage Defendants removed the action to this Court on June 23, 2017, within 30 days of service upon Atlantische Bedrijven C.V. (NoR ¶¶ 6, 7, 17-19). In removing this action, the Backpage Defendants invoke this Court's diversity jurisdiction, arguing that Richard was "procedurally" and/or "fraudulently"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-17-1264-MWF (FFMx)          Date:  September 1, 2017
Title:       Jane Doe v. Medalist Holdings, L.L.C. et al.

misjoined and that his presence in the action should thus be disregarded for purposes of diversity jurisdiction analysis.  (*Id.* ¶¶ 63-77).

## II.  **DISCUSSION**

As all parties acknowledge, the threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.,* 340 F.3d 858, 861 (9th Cir. 2003).   Federal question jurisdiction is not asserted and the jurisdictional amount is not in doubt.  The issue, then, is whether Richard defeats complete diversity, specifically whether he is misjoined in some fashion.

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  *Hunter*, 582 F.3d at 1042 (internal quotation marks and citation omitted).

### A. **Fraudulent Joinder**

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Id.* (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ."  *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  A removing defendant must "prove that individuals joined in the action cannot be liable on any theory."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Because defendants face a heavy burden in establishing that removal is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor."  *Macey v. Allstate Property and Cas. Ins. Co*., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v.*

Case No.  EDCV-17-1264-MWF (FFMx)              Date:  September 1, 2017
Title:       Jane Doe v. Medalist Holdings, L.L.C. et al.

*Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)).  "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand."  *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

The Backpage Defendants first assert that they "did not remove on the basis of fraudulent joinder" (Opp. at 6), and later argue that "Richard was fraudulently misjoined to destroy diversity." (*Id.* at 18).  Regardless, the Backpage Defendants do not have a viable fraudulent joinder argument.  Rather than attack the sufficiency of the state law claims against Richard contained in the AC, the Backpage Defendants attack Plaintiff's motives in naming Richard as a defendant. (*See* Opp. at 18-19).

The Backpage Defendants do not cite a single case from within this Circuit supporting the proposition that a plaintiff's motivation has any bearing in this context.  Their arguments that Richard is "an afterthought" and that Plaintiff "has no real intention of seeking relief from Richard" are irrelevant for purposes of the fraudulent joinder analysis. Indeed, Plaintiff's counsel could boast that they named Richard solely as a stratagem to defeat diversity, and there is nothing the Backpage Defendants could do about it.

The Backpage Defendants also attack the FAC's conspiracy allegations as "conclusory" and argue that they should not be denied their "right to a federal forum" as a result of those allegations.  But the fraudulent joinder analysis centers on whether the plaintiff could plausibly assert a state law claim against the non-diverse defendant, *see, e.g., Macey*, 220 F. Supp. 2d at 1117, not whether the plaintiff has plausibly alleged that the non-diverse defendant(s) and the diverse defendant(s) conspired with one another.  Moreover, even if a viable conspiracy

**Case No.** EDCV-17-1264-MWF (FFMx)          **Date:** September 1, 2017
**Title:**     Jane Doe v. Medalist Holdings, L.L.C. et al.

claim were necessary and the AC's conspiracy allegations were deficient, this Court would not exercise removal jurisdiction absent a credible argument that the Superior Court would sustain a demurrer without leave to amend. *See, e.g., Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at *8 (C.D. Cal. Nov. 19, 2014) (collecting cases). The Backpage Defendants have not made that argument.

Finally, in attacking the conspiracy allegations, the Backpage Defendants cite Section 230 of the Communications Decency Act of, 47 U.S.C. § 230, and *Kimzey v. Yelp! Inc.*, 836 F.3d 1263 (9th Cir. 2016), a case concerning a website's immunity against claims relating to content created and posted by a third party pursuant to Section 230. Section 230 "'only protects from liability (1) a provider or user of an interactive computer service (2) whom the plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another content provider.'" *Kimzey*, 836 F.3d at 1268 (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100-01 (9th Cir. 2009)). "[A] website may lose immunity under the CDA by making a material contribution to the creation or development of the content." *Id.* at 1269.

The merits of the Backpage Defendants' Section 230 arguments are irrelevant at this juncture, as it is the Plaintiff's claims that matter in the removal analysis, not the Backpage Defendants' projected federal immunity argument. *See Hunter*, 582 F.3d at 1042-43 ("It is 'settled that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'") (quoting *Franchise Tax Bd. v. Contr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983)). As counsel for the Backpage Defendants acknowledged during the hearing, there is no case law suggesting that a Section 230 defense carries with it a right to remove a case from state court. The Court understands counsel's concern that federal courts might "rarely" hear cases that implicate Section 230 due to the presence of non-diverse defendants. That is a concern that Congress could address; to date, it has not. Just as a defamation defendant may raise the First

| | |
|---|---|
| **Case No.  EDCV-17-1264-MWF (FFMx)** | **Date:  September 1, 2017** |
| **Title:      Jane Doe v. Medalist Holdings, L.L.C. et al.** | |

Amendment standard in state court, the Backpage Defendants may present their Section 230 arguments in the Superior Court.

### B.      "Procedural Misjoinder"

The Backpage Defendants urge the Court to disregard Richard's presence and the lack of complete diversity pursuant to the doctrine of "procedural misjoinder," a theory advanced by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), and not adopted by the Ninth Circuit.  (*See* Opp. at 5-13).  Under the Eleventh Circuit's procedural misjoinder doctrine, lack of complete diversity may be disregarded and a case may be removed where the plaintiff has asserted claims against "resident defendants [that] have *no real connection with the controversy*" between the plaintiff and the non-resident defendants.  *Tapscott*, 77 F.3d at 1360 (emphasis added).

Though the Backpage Defendants cite *Cal. Dump Truck Owners Ass'n v. Cummins Engine Co.*, 24 Fed. Appx. 727, 729 (9th Cir. 2001), in which the Court, "[f]or purposes of discussion … assume[d], without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder," the Ninth Circuit has never endorsed the theory of "procedural misjoinder."  *See J.T. Associates, LLC v. Fairfield Development, L.P.*, No. 15-cv-04913-BLF, 2016 WL 1252612, at *2 (N.D. Cal. Mar. 31, 2016) (noting that "the Ninth Circuit has not adopted the procedural misjoinder doctrine" and rejecting it as likely to cause confusion and inconsistent with the strong presumption against removal jurisdiction).  This Court agrees with the Court in *J.T. Associates* that the procedural misjoinder doctrine does not comport with the requirement to resolve all doubts in favor of remand and that it unnecessarily creates confusion.  Determining whether a plaintiff has stated a viable state law claim against a non-diverse defendant in connection with the fraudulent joinder analysis is relatively straightforward.  Determining whether or not a plaintiff's claims against a non-diverse defendant have a "real connection" with her claims against a diverse defendant is far more discretionary.  The Court thus declines to adopt the procedural misjoinder doctrine.

| | |
|---|---|
| **Case No.** EDCV-17-1264-MWF (FFMx) | **Date:** **September 1, 2017** |
| **Title:** Jane Doe v. Medalist Holdings, L.L.C. et al. | |

In any event, even if it were inclined to apply *Tapscott*, the Court would nonetheless find that Plaintiff's claims against Richard are sufficiently related to her claims against the Backpage Defendants to fall outside of the procedural misjoinder exception. *Compare Sutton v. Davol, Inc.*, 251 F.R.D. 500 (E.D. Cal. 2004) (severing and remanding medical malpractice claims against non-diverse doctor and hospital, and retaining jurisdiction over products liability claims against diverse medical device manufacturers) *and Greene v. Wyeth*, 344 F. Supp. 2d 674 (D. Nev. 2004) (severing and remanding claims against non-diverse doctor and pharmaceutical sales representative, and retaining jurisdiction over products liability claims against diverse pharmaceutical manufacturer and its affiliates) *with K.R. v. Backpage.com*, No. 17-CV-299-WKW (M.D. Ala. Aug. 18, 2017) (Docket No. 37) (applying *Tapscott* and finding that underage sex trafficking victim's claims against non-diverse former pimp who posted her on Backpage.com website were sufficiently related to claims against website operators to avoid application of procedural misjoinder doctrine).

Accordingly, neither the fraudulent joinder nor the procedural misjoinder exceptions apply to Plaintiff's state law claims against Richard and the Court thus lacks diversity jurisdiction over this action.

## III.    CONCLUSION

For the foregoing reasons, the Motion to Remand is **GRANTED**.

The Court **REMANDS** the action to the Superior Court of the State of California for the County of Riverside.

IT IS SO ORDERED.